**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
   Email: mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
   Email: sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
   Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel:   (310) 315-8200
Fax:  (310) 315-8210

Attorneys for Defendants
PERFORMANCE FOOD GROUP, INC. and
VISTAR TRANSPORTATION, LLC,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ, on behalf of himself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>vs.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado corporation; VISTAR TRANSPORTATION, LLC, a Delaware limited liability company; ROMA GOURMET FOOD ENTERPRISES OF CALIFORNIA, INC., a California corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO. 3:15-cv-02390<br><br>[Alameda County Superior Court Case No. RG15767109]<br><br>**DEFENDANTS PERFORMANCE FOOD GROUP, INC.'S AND VISTAR TRANSPORTATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:    April 20, 2015 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants PERFORMANCE FOOD GROUP, INC. ("PFG") and VISTAR TRANSPORTATION, LLC ("VT") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Alameda (the "State Court") to the United States District Court for the Northern District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.  In support of their Notice of Removal, Defendants aver as follows:

## STATE COURT ACTION

1. On April 20, 2015, Plaintiff Jorge Perez ("Plaintiff") filed a Complaint against Defendants in the State Court, styled as *Jorge Perez, on behalf of himself, all others similarly situated, and the general public v. Performance Food Group, Inc., a Colorado corporation; Vistar Transportation, LLC, a Delaware limited liability company; Roma Gourmet Food Enterprises of California, Inc., a California corporation; and Does 1-50*, Case No. RG15767109 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2. On or about April 29, 2015, Defendant PFG's and Defendant VT's registered agents for service of process were personally served with a copy of the Summons and Complaint.

3. True and correct copies of the Summons, Complaint, and every other process, pleading, and order served on Defendants PFG and VT in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
|---|---|
| A | Complaint |

| Exhibit | Document |
|---------|----------|
| B | Summons on Complaint |
| C | Civil Case Cover Sheet |
| D | Notice of Complex Determination Hearing and Case Management Conference |

4. Defendants are informed and believe that the following additional documents are also on file in the State Court Action:

| Exhibit | Document |
|---------|----------|
| E | Clerk's Notice of Complex Determination Hearing and Case Management Conference |
| F | Proofs of Service |
| G | Amendment to Complaint (Fictitious/Incorrect Name) |
| H | Rejection Letter Issued on Summons Issued and Filed |
| I | Minutes of Hearing Re: Complex Designation and Case Management Conference |
| J | Order on Complex Designation and Case Management Conference |

5. On May 18, 2015, Plaintiff filed an Amendment to the Complaint purporting to substitute DOE 1 with Defendant Roma Food Enterprises, Inc. *See* Exh. G.

6. Defendants PFG and VT are informed and believe that they are the only defendants which have been properly served with process in the State Court Action. Defendants ROMA GOURMET FOOD ENTERPRISES OF CALIFORNIA, INC. and ROMA FOOD ENTERPRISES, INC. (collectively, the "Roma Entities") are no longer in existence, and thus have not been and cannot be served with process and are to be disregarded for purposes of this removal. *See Nickerman v. Remco Hydraulics, Inc.*, 2006 WL 2329516, *4 (N.D. Cal. Aug. 9, 2006); *Stonybrook Tenants Asso. v. Alpert*, 194 F.Supp. 552, 559 (D. Conn. 1961). Likewise, Defendants Does 2-50 have yet to be identified and are therefore disregarded for the purposes of this removal. 28 U.S.C. § 1441(a). As such, Defendants PFG and VT are the only defendants

needed to join and consent to this removal, but to the extent otherwise required, Roma Entities consent to this removal.

**REMOVAL JURISDICTION**

7. This court has original jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1367, the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453 and 1711-15, and all other applicable bases for removal.

8. As required by 28 U.S.C. § 1441, Defendants remove this case to the United States District Court for the Northern District of California, which is the District Court embracing the place where the State Court Action was filed.

9. This action has not been previously removed to federal court.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that a Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendants have timely filed this Notice of Removal within thirty days of April 29, 2015, the date they were served with and received the Summons and Complaint in this action.

11. In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## FEDERAL QUESTION JURISDICTION

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

13. Plaintiff's Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and/or the regulations promulgated thereunder by the United States Department of Labor. More specifically, Plaintiff's purported **Seventh Cause of Action** for "Failure to Pay Employees for All Hours Worked" seeks overtime wages and related relief under the FLSA based on Plaintiff's claim that Defendants did not comply with the FLSA, 29 U.S.C. §§ 206 and 207, in failing to pay overtime wages for Plaintiff and the putative collective members he seeks to represent and failing to keep accurate records of all hours worked. *See* Exh. A (Complaint), ¶¶ 94-103. Therefore, Plaintiff's Seventh Cause of Action asserts a direct claim under the FLSA, over which this Court has original federal question jurisdiction. *Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1030220, *3 (N.D. Cal. May 3, 2005).

## SUPPLEMENTAL JURISDICTION

14. Plaintiff's remaining claims under the California Labor Code and California Business and Professions Code for alleged failure to pay overtime at the correct rate, meal break violations, inaccurate wage statements, forfeiture of vacation wages, untimely payment of wages upon separation, unfair business practices, and penalties also derive from or otherwise relate to Defendants' wage and hour compliance with respect to their alleged employment of Plaintiff and the putative class members he seeks and/or purports to represent. Accordingly, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## CAFA JURISDICTION

15. As an additional or alternative basis for removal of this action to federal court, this Court also has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d)(2). Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a State different from defendant, and where the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

16. This action is one which may be removed to this Court by Defendants because (1) the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members; (2) there is diversity of citizenship between Plaintiff and Defendants; and (3) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

17. Plaintiff purports to bring the California state law claims alleged in this action pursuant to California Code of Civil Procedure § 382 as a class action, and seeks class certification on behalf of the following classes:

> Second Meal Break Class: All hourly employees of Defendants in California who worked a shift in excess of 10 hours during the Relevant Time Period.
>
> FLSA Overtime Class: All hourly employees of Defendants in the United States that were not paid overtime wages at one-and-one-half (1.5) times the regular rate of pay when the total hours worked exceed forty (40) hours in a week during the Relevant Time Period.
>
> Regular Rate Class: All persons employed by Defendants in California who earned non-discretionary remuneration that was not included in the regular rate of pay during the Relevant Time Period.
>
> Vacation Pay Class: All persons employed by Defendants in California who earned paid vacation days, including, but not limited to, "Personal Holidays" and "Floating Holidays," without receiving compensation for each vested paid vacation day during the Relevant Time Period.
>
> Wage Statement Penalties Class: All Meal Break Class, Regular Rate Class and Vacation Pay Class members employed by Defendants in California during

the period beginning one year before the filing of this action and ending when final judgment is entered.

Waiting Time Penalties Class: All Meal Break Class, Regular Rate Class and Vacation Pay Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

UCL Class: All Meal Break Class, Regular Rate Class and Vacation Pay Class members employed by Defendants in California during the Relevant Time Period.

*See* Exh. A (Complaint), ¶ 13 (emph. omitted). All of the foregoing proposed classes, excluding the FLSA Overtime Class, are hereinafter collectively referred to as the "Proposed Class"

### CAFA Minimal Diversity of Citizenship

18. **Plaintiff's Citizenship.** Although the Complaint does not specifically allege the citizenship of Plaintiff, at all times during Plaintiff's employment as a non-exempt warehouse employee, and at the time of Plaintiff's termination of employment in June 2014, he had a California drivers' license and his address of record with PFG reflected that Plaintiff was living in the State of California. *See* Exh. A (Complaint), ¶ 6. Accordingly, Plaintiff is a resident and citizen of the State of California. *See, e.g.*, *Mondragon v. Capital One Auto Finance*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address and a valid California drivers' license).

19. **Defendant PFG's Citizenship.** As shown on the California Secretary of State's Business Entity Search website, PFG is a Colorado corporation with its corporate headquarters and principal place of business in Richmond, Virginia:

///

///

///

67026626.1

7

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

[Screenshot of California Secretary of State Debra Bowen Business Entity Detail page showing:

Entity Name: PERFORMANCE FOOD GROUP, INC.
Entity Number: C1269325
Date Filed: 02/28/1985
Status: ACTIVE
Jurisdiction: COLORADO
Entity Address: 12500 WEST CREEK PARKWAY
Entity City, State, Zip: RICHMOND VA 23238
Agent for Service of Process: NATIONAL REGISTERED AGENTS, INC.
Agent Address: 818 W SEVENTH ST
Agent City, State, Zip: LOS ANGELES CA 90017]

*See* URL at http://kepler.sos.ca.gov/cbs.aspx (search terms entered: "Performance Food Group, Inc."). At its corporate headquarters, Defendant PFG's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, PFG was not and is not a citizen of the State of California but, rather, was and is a citizen of the State of Colorado and/or the Commonwealth of Virginia for the purpose of determining jurisdiction. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (for the purposes of removal, the "nerve center" test applies, whereby a corporation is deemed to be a citizen of the State where the corporation's officers direct, control, and coordinate the corporation's activities).

20. **Defendant VT's Citizenship.** As shown on the California Secretary of State's Business Entity Search website, VT is a Delaware corporation with its corporate headquarters and principal place of business in Richmond, Virginia:



*See* URL at http://kepler.sos.ca.gov/cbs.aspx (search terms entered: "Vistar Transportation, LLC"). At its corporate headquarters, VT's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, VT was not and is not a citizen of the State of California but, rather, was and is a citizen of the State of Delaware and/or the Commonwealth of Virginia for the purpose of determining jurisdiction. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (for the purposes of removal, the "nerve center" test applies, whereby a corporation is deemed to be a citizen of the State where the corporation's officers direct, control, and coordinate the corporation's activities).

21.     **Defendants Roma Entities' Citizenship.** As shown on the California Secretary of State's Business Entity Search website, Defendant Roma Gourmet Food Enterprises of California, Inc. was "merged out" and is no longer in existence.



Likewise, Defendant Roma Food Enterprises, Inc. was acquired by Vistar Corporation on January 28, 2005 pursuant to a Stock Purchase Agreement and subsequently merged into Vistar Corporation on February 25, 2008. On November 9, 2010, Vistar Corporation changed its name to Performance Food Group, Inc. Therefore, the Roma Entities are no longer in existence, and their citizenship should be disregarded for purposes of removal. *See Nickerman*, 2006 WL 2329516 at *4 (disregarding citizenship of "dissolved de facto" corporation as a nominal or sham defendant); *Stonybrook Tenants Asso.*, 194 F.Supp. at 559 (holding that "nominal or formal parties, being neither necessary nor indispensable," and having no real interest in the outcome, will be *disregarded* for purposes of determining whether the requisite diversity of citizenship exists). Indeed, no service of process has been attempted by Plaintiff on these non-existent entities. *See* Paragraph 6, *supra.*

22. Based on the foregoing, CAFA's minimal diversity requirement is satisfied because Plaintiff purports to be a member of the putative class he seeks to represent and is a citizen of a state (California) that is different from Colorado, Delaware and Virginia.

**Size Of Proposed Plaintiff Class**

23. According to the Complaint, the potential class is "so numerous that the individual joinder of each individual class member is impractical." *See* Exh. A (Complaint), ¶ 15. Indeed, according to the data available to Defendants, there are at least 364 putative members of the Proposed Class. As such, the aggregate membership of the Proposed Class is at least 100 as required under CAFA.

**CAFA Amount In Controversy**

24. The claims of the individual members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. §§ 1332(d)(6), (11). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by

any defendant.").

25.     Plaintiff does not seek a specific dollar amount of recovery in his Complaint. However, a defendant may remove a suit to a federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and a defendant's allegations regarding federal court jurisdiction must be accepted as true unless and until otherwise contested by a plaintiff. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).

26.     Based on the payroll and employment data available to Defendants, and assuming for purposes of removal only that the allegations of Plaintiff's Complaint regarding his theories of liability are true but without any type of express or implied admission that any such liability in fact exists, the amount in controversy for purposes of this Notice of Removal exceeds the $5 million jurisdictional threshold under CAFA. To that point, Plaintiff's Complaint alleges that he and the putative class members were "at all relevant times" not provided with *any* legally compliant second meal breaks or paid for non-compliant second meal breaks when they worked over 10 hours per day. *See* Exh. A (Complaint), ¶¶ 29-30. Based on those allegations, Plaintiff seeks one additional hour of pay at the employee's regular rate for each day that the ostensibly required meal break was not provided. *Id.* at ¶ 24, 33. Plaintiff's Complaint also alleges that Defendants failed to include non-discretionary bonuses and/or shift differentials in calculating the regular rate of pay for overtime purposes and, as a result, seeks overtime wages and liquidated damages for all overtime hours worked. *Id.* at ¶ 50. Plaintiff's Complaint further alleges that Defendants failed to pay all vested vacation wages, failed to provide accurate itemized wage statements, failed to pay all wages due at separation and that all of the foregoing constitutes unfair and/or unlawful business practices. *Id.* at ¶¶ 57, 64, 73, 77-87. As a result of the foregoing, Plaintiff seeks inaccurate wage statement penalties pursuant to Cal. Lab. Code § 226(e), unpaid vacation wages, waiting time penalties pursuant to Cal. Lab. Code § 203 and restitution pursuant to the California Unfair

Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Plaintiff's Complaint also seeks attorneys' fees. *Id.* ¶¶ 34, 53, 59, 76, 93 and 103 and Prayer for Relief at ¶ M

27. Based on the payroll and employment data available to Defendants for the putative members of the Proposed Class during the applicable class periods, including, *inter alia*, the number of putative members of the Proposed Class, their average hourly rates of pay and typical work schedules, and their shifts and pay periods worked, and assuming that Plaintiff's allegations are taken as true that they are owed overtime wages and liquidated damages, and that they are owed meal break payments for each day they worked over ten hours per day, inaccurate wage statement penalties for each wage statement they received, waiting time penalties for each former employee who is a putative member of the Proposed Class during the applicable class period, vacation wages, restitution, civil or other penalties and attorneys' fees, the amount in controversy on Plaintiff's claims is plausibly estimated to exceed $5 million.

28. Accordingly, this Court has original jurisdiction in this action under 28 U.S.C. § 1332 because CAFA permits removal of a class action where, as here: (1) there is minimal diversity of citizenship between the parties; (2) the membership of all proposed plaintiff classes in the aggregate is at least 100; and (3) the amount in controversy exceeds $5 million.

**VENUE**

29. As the State Court Action is now pending in Alameda County, California, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of California, without waiver or limitation of their right to seek transfer of this action to another district pursuant to applicable law.

30. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of

Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, Defendants expressly reserve their right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: May 29, 2015 **MCGUIREWOODS LLP**

By: /s/ Matthew C. Kane
    Matthew C. Kane, Esq.
    Sabrina A. Beldner, Esq.
    Sylvia J. Kim, Esq.
Attorneys for Defendants
PERFORMANCE FOOD GROUP, INC. and
VISTAR TRANSPORTATION, LLC

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |
| 3 | I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067. |

On May 29, 2015, I served the following document described as **DEFENDANTS PERFORMANCE FOOD GROUP, INC.'S AND VISTAR TRANSPORTATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

> Shaun Setareh, Esq.  *Attorneys for Plaintiff*
> Tuvia Korobkin, Esq.
> Neil Larsen, Esq.
> SETAREH LAW GROUP
> 9454 Wilshire Blvd., Suite 907
> Beverly Hills, CA 90212
> Tel: (310) 888-7771

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 29, 2015, at Los Angeles, CA.

/s/ Matthew C. Kane
MATTHEW C. KANE

58562131.3

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**