Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Tuvia Korobkin (SBN 268066)
  tuvia@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Attorneys for Plaintiff,
JORGE PEREZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ, on behalf of himself, all others similarly situated, and the general public,<br><br>*Plaintiff,*<br><br>vs.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado corporation; VISTAR TRANSPORTATION, LLC, a Delaware limited liability company; ROMA FOOD ENTERPRISES, INC., a California corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No. 3:15-cv-02390<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>3. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>4. Forfeiture of Vested Vacation Pay (Lab. Code §§ 201, 204, 223, 227.3);<br>5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>7. Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br>8. Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jorge Perez  (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this class and representative action against defendants PERFORMANCE FOOD GROUP, INC., a Colorado corporation; VISTAR TRANSPORTATION, LLC, a Delaware limited liability company; ROMA FOOD ENTERPRISES, INC., a California corporation; and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to provide him and all other similarly situated individuals with meal periods, failed to pay premium wages for unprovided meal periods, failed to provide premium wages for unprovided meal periods at the regular rate of pay, failed to include all applicable remuneration in calculating the regular rate of pay, failed to pay at least minimum wages for all hours worked, failed to provide them with accurate written wage statements, failed to pay for all vested vacation pay, failed to pay overtime wages, failed to pay overtime wages by failing to include all applicable remuneration in calculating the regular rate of pay, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

**PARTIES**

**A.    Plaintiff**

5.    Plaintiff worked for Defendants in an hourly position from approximately May of 2013 to June of 2014.

**B.    Defendants**

6.    Defendant PERFORMANCE FOOD GROUP, INC. is a Colorado corporation authorized to do business in California.

7.    Defendant  VISTAR TRANSPORTATION, LLC, is a Delaware limited liability

1

company authorized to do business in California.

8.      Defendant ROMA FOOD ENTERPRISES, INC., is a California corporation authorized to do business in California.

9.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

10.      Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

11.      This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.      **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

13.      The class members are defined as follows, excluding persons who worked as drivers at any of Defendants' locations in California:

> **Second Meal Break Class:** All hourly employees of Defendants in California who worked a shift in excess of 10 hours during the **Relevant Time Period**.

> **FLSA Overtime Class:** All hourly employees of Defendants in the United States that were not paid overtime wages at one-and-one-half (1.5) times the regular rate of pay when the total hours worked exceed forty (40) hours in a week during the **Relevant Time Period**.

//

2

**Regular Rate Class:** All persons employed by Defendants in California who earned non-discretionary remuneration that was not included in the regular rate of pay during the **Relevant Time Period**.

**Vacation Pay Class:** All persons employed by Defendants in California who earned paid vacation days, including, but not limited to, "Personal Holidays" and "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

**Wage Statement Penalties Class:** All **Meal Break Class**, **Regular Rate Class** and **Vacation Pay Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Meal Break Class**, **Regular Rate Class** and **Vacation Pay Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Meal Break Class**, **Regular Rate Class** and **Vacation Pay Class** members employed by Defendants in California during the **Relevant Time Period**.

14.    **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

15.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California and/or Federal law.

16.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

        A.    Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

        B.    Have Defendants failed to pay additional wages to class members when they have not been provided with required meal periods?

3

C.  Have Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law?

D.  Have Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members?

E.  Have Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay?

F.  Whether Defendants have failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including bonuses and/or income in calculating the rates at which those wages are paid?

G.  Whether Defendants have failed to provide for proportionate accruals for vested vacation time for class members as required by California law?

H.  Have Defendants subjected the "personal holidays" and/or "floating holidays" they offer to class members to forfeiture?

I.  Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

J.  Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

K.  Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

L.  Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

17.  **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice

4

of failing to comply with the Labor Code and Business and Professions Code as alleged herein.

18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

19.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff and Second Meal Break Class)

21.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

22.    At all relevant times, Plaintiff and the **Second Meal Break Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both

5

the Labor Code and the Wage Order.

23.    Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

24.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

25.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

26.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

27.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

28.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Second Meal Break Class** members have not subject to valid on-duty meal period agreements with Defendants.

29.    At relevant times during his employment, Defendants employed Plaintiff for shifts of ten (10) or more hours without providing him with a second meal period and without paying him premium wages, as required by Labor Code § 512 and the Wage Order.

30.    Plaintiff is informed and believes that, at all relevant times during the applicable

limitations period and as matters of policy and practice, Defendants employed **Second Meal Break Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

31.     Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of ten (10) hours or more, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

32.     At all relevant times, Defendants failed to pay Plaintiff and **Second Meal Break Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

33.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Second Meal Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

34.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Second Meal Break Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY HOURLY WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff and the Regular Rate Class)

35.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

36.     At all relevant times, Plaintiff and **Regular Rate Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

37.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is

7

suffered or permitted to work, whether or not required to do so."

38.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

39.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

40.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

41.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

42.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

43.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

44.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

45.    Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

46.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the

8

seventh consecutive day of one workweek.

47.    Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

48.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Regular Rate Class** members with respect to working conditions and compensation arrangements.

49.    The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses and/or shift differentials.

50.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants violated Plaintiff's and **Regular Rate Class** member's rights under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or shift differentials.

51.    Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants failed to pay hourly wages to **Regular Rate Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

52.    Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants failed to pay **Regular Rate Class** members premium wages based on rates of compensation that have not reflected non-discretionary bonuses as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal periods.

53.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself

and **Regular Rate Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Class)

54.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

55.    Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

56.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described *supra* in this complaint.

57.    Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known

10

to not comply with Labor Code 226(a).

58.     Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

59.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**FORFEITURE OF VESTED VACATION PAY**

**(Lab. Code §§ 201, 204, 223, 227.3)**

**(Plaintiff and Vacation Pay Class)**

60.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

61.     Labor Code § 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

62.     Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by

11

law.

63.    *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate right to vacation pay vests on a pro rata basis as the employee renders labor.

64.    Plaintiff is informed and believes and thereon alleges that, at all relevant times and in violation of Labor Code § 227.3, Defendants have maintained a personal holiday and floating holiday policy to which he and **Vacation Pay Class** members are, or have been, subject, under which employees personal holiday and floating holiday pay not taken by the date of termination of employment is subject to unlawful forfeiture.

65.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have subjected the vested vacation time of both Plaintiff and **Vacation Pay Class** members to unpaid forfeiture.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Class)

66.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

67.    At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

68.    At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

69.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

70.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

12

71.     During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

72.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

73.     Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

74.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

75.     Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

76.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

77.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

78.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

79.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

80.     California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

81.     Plaintiff and the **UCL Class** realleges and incorporates by reference the FIRST, SECOND, FOURTH, and EIGHT causes of action herein.

82.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

83.     Defendants have, or may have, acquired money by means of unfair competition.

84.     Plaintiff is informed and believes and thereon alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

85.     Defendants have, or may have, committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked.

86.     Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal periods.

87.     At all relevant times, Plaintiff and **UCL Class** members have lost money or property as a result of unfair competition in that Defendants have not paid them for all vested and unused personal and floating holiday pay at the date of termination of employment in

violation of Labor Code §§ 201, 204, 223 and/or 227.3.

### *Relief Sought*

88.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

89.     As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

90.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

91.     Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

92.     Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

93.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

//

//

//

*Perez v. Performance Food Group, Inc., et al.*                    First Amended Class Action Complaint

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

94. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

95. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802.

96. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

97. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

98. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

99. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802:

    A.    For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 227.3, 1194, 1198, and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

    B.    For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

    C.    For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each

16

employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

D.    For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F.    For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G.    For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

100.    Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## EIGTH CAUSE OF ACTION

## FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

## IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

## (29 U.S.C. § 201, *et seq.*)

### (By Plaintiff and FLSA Overtime Class)

101.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

102.    At all material times herein, Plaintiff and similarly situated **FLSA Overtime Class** members  who submit Consents to become Party Plaintiffs, are or were employed by and engaged in providing services necessary to Defendants, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

103.    The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

104.    At all relevant times, the duties performed by Plaintiff and similarly situated **FLSA Overtime Class** members is necessarily and directly related to the principal activities of their employment with Defendants, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

105.    At all relevant times, Defendants have violated the FLSA by failing to compensate Plaintiff and similarly situated **FLSA Overtime Class** members appropriate overtime compensation at one-and-one-half (1.5) times the regular rate of pay when the total hours worked exceed forty (40) hours in a week.

106.    At all relevant times, Defendants have violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and similarly situated **FLSA Overtime Class** members.

107.    At all relevant times, Plaintiff and all similarly situated **FLSA Overtime Class**

18

members have been victims of a uniform and entity-wide compensation policy.

108.    Plaintiff and all similarly situated **FLSA Overtime Class** members are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

109.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and similarly situated **FLSA Overtime Class** members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

110.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated **FLSA Overtime Class** members. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

C.  An order that counsel for Plaintiff be appointed class counsel;

D.  Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.  Pre-judgment interest;

*Perez v. Performance Food Group, Inc., et al.*                First Amended Class Action Complaint

J.  Statutory penalties;

K.  Civil penalties;

L.  Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  June 10, 2015

SETAREH LAW GROUP

BY:

SHAUN SETAREH
Attorneys for Plaintiff,
JORGE PEREZ

20