UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ,<br><br>       Plaintiff,<br><br>   v.<br><br>PERFORMANCE FOOD GROUP, INC., et al.,<br><br>       Defendants. | Case No. 15-cv-02390-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 16 |

On April 20, 2015, Plaintiff Jorge Perez filed a complaint in the Alameda Superior Court against his former employer Performance Food Group, Inc.; Vistar Transportation, LLC; and Roma Food Enterprises, Inc., collectively Defendants. The complaint alleged several violations of the California Labor Code and the Fair Labor Standards Act ("FLSA"). Dkt. No. 1. Defendants removed the action to this Court on May 29, 2015, and Plaintiff filed a first amended complaint ("FAC") on June 11, 2015.

Pending before the Court is Defendants' motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16. Under Civil Local Rule 7-1(b), Defendants' motion is deemed suitable for disposition without oral argument. The Court has carefully considered the arguments made by the parties and, for the reasons described below, **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss with Leave to Amend.

I.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought." A court may dismiss a complaint under Rule 12(b)(6) when it fails to meet this standard and does not contain sufficient facts to state a plausible claim on its face. *See*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

## II. ANALYSIS

Plaintiff fails to meet the minimum pleading requirements for seven of the eight claims asserted. Plaintiff alleges that he worked for Defendants in an hourly position from approximately May 2013 to June 2014. Other than this fact, he does not provide any details about his work, such as his job title or specific duties performed. Instead, the FAC falls short of the Rule 8 requirements by merely identifying the law, parroting the statutory language, and stating the conclusion that Defendants violated the law by failing to comply.

### A. First Cause of Action: Failure to Provide Second Meal Breaks

The first cause of action alleges that Defendants failed to provide meal breaks for Plaintiff and putative class members. Plaintiff contends that they were "not subject to a valid on-duty meal period agreement," FAC ¶ 28, and that Defendants employed them "for shifts of ten (10) or more hours without providing [them] with a second meal period and without paying [them] premium wages," FAC ¶¶ 29-30. The FAC alleges that Defendants' written policies failed to "provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of ten (10) hours or more, or that the second meal period must commence before the end of the tenth hour of work, unless waived." FAC ¶ 31. Plaintiff also alleges that "Defendants failed to pay Plaintiff and Second Meal Break Class members additional premium wages, and/or were not paid premium wages at the employees'

1  regular rates of pay when required meal periods were not provided." FAC ¶ 32.

2        The Court finds that these allegations are unsupported, consisting primarily of "labels and
3  conclusions" and thus failing to satisfy Rule 8's requirements. "[A]t a minimum, a complaint
4  must include plausible factual allegations that the plaintiff was a victim of the defendant's alleged
5  violations of the labor laws." *Sanchez v. Ritz Carlton*, No. CV153484PSGPJWX, 2015 WL
6  5009659, at *2 (C.D. Cal. Aug. 17, 2015); *see Miranda v. Coach, Inc.*, No. 14-CV-02031-JD,
7  2015 WL 636373, at *2 (N.D. Cal. Feb. 13, 2015) (alleging a company policy where plaintiffs
8  were required to undergo a bag check when leaving the store for meal breaks thereby impeding
9  employees' meal break time). "For example, there are no allegations about [ ] Plaintiff's
10 schedules to substantiate that [he] worked double/overtime shifts that would trigger overtime pay
11 if a meal were missed." *Sanchez*, 2015 WL 5009659, at *3 (finding complaint deficient where
12 "nothing beyond conclusory allegations ties the alleged labor-code violations to Plaintiffs"); *see
13 also Ovieda v. Sodexo Operations, LLC*, No. CV 12–1750 GHK (SSx), 2012 WL 1627237, at *2
14 (C.D.Cal. May 7, 2012) ("Plaintiff fails to allege that she even once worked a shift long enough to
15 obligate Defendant to provide her with a rest period.").

16       Plaintiff has not alleged specific facts of one instance where he worked a shift of ten or
17 more hours and was deprived a second meal break, and the general allegation that "[a]t relevant
18 times during his employment, Defendants employed Plaintiff for shifts of ten (10) or more hours"
19 is not enough. Moreover, that Defendants' written policies did not identify when employees must
20 take their meal break is also insufficient to state a claim. *See Bellinghausen v. Tractor Supply Co.*,
21 No. C-13-02377 JSC, 2013 WL 5090869, at *4 (N.D. Cal. Sept. 13, 2013) (rejecting plaintiff's
22 allegation that defendant never advised plaintiff to take a meal break as insufficient on its own to
23 state a claim).

24       Without identifying any factual allegations about Plaintiff's specific experiences, the
25 claims supporting the alleged meal break violations are merely conceivable, not plausible.
26 *Sanchez*, 2015 WL 5009659, at *3. Therefore, the Court grants Defendants' motion to dismiss the
27
28

first cause of action with leave to amend.[1]

### B. Second Cause of Action: Failure to Pay Hourly Wages

The second cause of action alleges that Defendants failed to pay hourly wages as required by law. California Labor Code § 223 prohibits employers from paying employees wages lower than those maintained by the designated wage scale while "purporting to pay the age designated by statute or by contract." § 223. California Labor Code § 510 provides that employees are owed overtime compensation for work in excess of eight hours per workday or forty hours per workweek. § 510(a).

Here, the complaint provides:

> Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants violated Plaintiff's and Regular Rate Class member's rights under the above referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or shift differentials.
>
> Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants failed to pay hourly wages to Regular Rate Class members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.
>
> Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants failed to pay Regular Rate Class members premium wages based on rates of compensation that have not reflected non-discretionary bonuses as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal periods.

---

[1] Although the Court grants Defendants' motion to dismiss in large part, the Court rejects Defendants' repeated inaccurate characterizations of what a plaintiff in a case like this one must plead to survive a motion to dismiss. Defendants cite no law in support of their assertion that the complaint must include the extraordinarily high level of evidentiary detail posited in the motion. *See* Dkt. No. 16 at 4-5, 9, 17-18, 23-24. Defendants' characterization of *Twombly*'s requirements is plainly erroneous. In any future motion to dismiss, Defendants are directed to ground any such arguments in the well-established law in this area, rather than urging the Court to adopt a legally-incorrect pleading standard of Defendants' own invention.

4

FAC ¶¶ 50-52.

For reasons similar to those discussed above, the Court grants Defendants' motion to dismiss the second cause of action with leave to amend. The allegations are devoid of any factual allegations showing that Plaintiff in fact worked overtime or that he worked during unpaid meal periods. *See*, *e.g.*, *Villegas v. J.P. Morgan Chase & Co.*, No. C 09-00261 SBA, 2009 WL 605833, at *4 (N.D. Cal. Mar. 9, 2009) (holding the complaint's factual basis was inadequate where it merely included "a statement of the law as it applies to employers and not a statement of facts as they apply to the plaintiff"); *Twombly*, 550 U.S. at 544. Accordingly, Plaintiff has failed to meet the Rule 8 requirements with respect to this cause of action as well.

### C. Third Cause of Action: Failure to Provide Accurate Written Wage Statements

The third cause of action alleges that Defendants failed to provide Plaintiff and putative class members with accurate wage statements. FAC ¶¶ 56-59. The Court finds Plaintiff's allegations survive a motion to dismiss and denies Defendants' motion as to the third cause of action.

The allegations satisfy Rule 8. First, to satisfy the "knowing and intentional" requirement, a plaintiff "need only plead that defendants knew of the facts underlying the alleged violation, and need not plead that defendants had knowledge that their alleged actions were unlawful." *Contreras v. Performance Food Grp., Inc.*, No. C 14-3380 PJH, 2014 WL 6481365, at *3 (N.D. Cal. Nov. 18, 2014). Here, the FAC contains sufficient facts to establish that Defendants knew of the facts underlying the alleged violation. *See* FAC ¶ 57 (alleging that Defendants knew the wage statements did not comply with § 226(a)'s requirements). Accordingly, Plaintiff adequately pled that Defendants' alleged failure to provide accurate wage statements was knowing and intentional.

Second, Plaintiff's allegations identify specific facts with regard to how the wage statements were deficient (misleading employees on actual rates of pay and wages earned) and the injury Plaintiff and putative class members suffered (preventing employees from immediately challenging Defendants' pay practices, and requiring discovery and mathematical computations to determine the amount of wages owed). FAC ¶ 58. Plaintiff further alleges that the inaccurate wage statements "caused difficulty and expense in attempting to reconstruct time and pay records"

5

1 and "led to the submission of inaccurate information about wages and deductions to state and
2 federal government agencies." *Id.*

3 These allegations sufficiently plead the injury requirement. *See* Cal. Lab. Code
4 § 226(e)(2)(B) ("An employee is deemed to suffer injury for purposes of this subdivision if the
5 employer fails to provide accurate and complete information, . . . and the employee cannot
6 promptly and easily determine from the wage statement alone" the amount of wages paid during
7 the pay period); *see also Yuckming Chiu v. Citrix Sys., Inc.*, No. SA CV 11-1121 DOC, 2011 WL
8 6018278, at *6 (C.D. Cal. Nov. 23, 2011) ("[F]ailure to provide information that results in an
9 employee's confusion over whether he has received all wages owed and forces an employee to
10 make mathematical computations to analyze whether the wages paid in fact compensated him are
11 sufficient injuries."); *Ambriz v. Coca Cola Co.*, No. 13-CV-03539-JST, 2013 WL 5947010, at *6
12 (N.D. Cal. Nov. 5, 2013) (pleadings satisfied injury requisite where plaintiff alleged failure to
13 provide "written wage statements with accurate entries for hours worked, corresponding wage
14 rates, and gross and net wages, as a result of not paying him minimum, overtime, and/or vacation
15 wages"); *Johnson v. Serenity Transp., Inc.*, No. 15-CV-02004-JSC, 2015 WL 6664834, at *22
16 (N.D. Cal. Nov. 2, 2015) (pleading was sufficient where plaintiffs alleged "they [were] precluded
17 from accurately monitoring the number of hours worked, determining whether they have been
18 lawfully compensated for all hours worked, and seeking any owed overtime").

19 Finally, the Court declines to dismiss the cause of action based on Defendants' contention
20 that "meal break payments under § 226.7 are not required to be itemized on wage statements under
21 § 226(a)." Dkt. No. 16 at 14 (emphasis omitted). Relying on *Murphy v. Kenneth Cole Prods.,*
22 *Inc.*, 40 Cal. 4th 1094 (2007), and *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244 (2012),
23 Defendants contend that § 226.7 payments for an employee who works through a meal break "are
24 not wages earned for the purposes of § 226(a) in that they are actually liquidated damages." Dkt.
25 No. 16 at 15 (internal quotation marks and emphasis omitted). Defendants contend that because
26 Plaintiff's claim is predicated on an alleged failure to itemize § 226.7 payments, the third cause of
27 action must fail as a matter of law. Plaintiff does not substantively respond to Defendants'
28 contention, and instead argues that the Court should reject Defendants' argument as the Court did

6

in *Contreras*.  *See Contreras*, 2014 WL 6481365, at *4.

Initially, the Court notes that Plaintiff's third cause of action is not predicated on § 226.7 payments alone, and includes unpaid wages for failure to properly calculate and pay overtime to wages. *See* Dkt. No. 20 at 14 ("Plaintiff's wage statement claim is based in part upon his claims for unpaid wages, including compensation for failure to properly calculate and pay overtime wages and meal break premiums at the proper rate.").  More significantly, the Court finds the rejection of a similar argument in *Bellinghausen v. Tractor Supply Co.* persuasive. *See* No. C-13-02377 JSC, 2014 WL 465907, at *7 (N.D. Cal. Feb. 3, 2014). *Bellinghausen* held that "[i]f an employee is entitled to the additional hour of pay 'immediately' upon being forced to miss a rest or meal period, it appears inconsistent to conclude that an employee is not also immediately entitled to have the additional hour of pay documented on their wage statements and timely paid upon termination or resignation." *Id.* at *8.  Based on the reasoning of *Bellinghausen*, and in light of the unsettled status of the law, the Court cannot conclude that the third cause of action, to the extent it relies on § 226.7 wages, fails as a matter of law

Accordingly, the Court denies Defendants' motion to dismiss the third cause of action.

### D.     Fourth Cause of Action: Forfeiture of Vested Vacation Pay

The fourth cause of action is for forfeiture of vacation in violation of California Labor Code § 227.3.  Section 227.3 provides:

> [W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

Plaintiff alleges that Defendants "maintained a personal holiday and floating holiday policy to which he and Vacation Pay Class members are, or have been, subject, under which employees personal holiday and floating holiday pay not taken by the date of termination of employment is subject to unlawful forfeiture." FAC ¶ 64.  Plaintiff alleges that "at all relevant times, Defendants have subjected the vested vacation time of both Plaintiff and Vacation Pay

7

1 Class members to unpaid forfeiture." FAC ¶ 65.

2 Although the allegations need not rise to the level of specificity Defendants contend is required, Plaintiffs must allege sufficient, non-conclusory facts to notice a § 227.3 violation. Plaintiff has failed to do so here. *See*, *e.g.*, *Andresen v. Int'l Paper Co.*, No. CV13-2079-CAS AJWX, 2013 WL 2285338, at *3 (C.D. Cal. May 23, 2013) ("Plaintiffs must plead the existence and terms of a policy entitling them to the amount of accrued vacation time alleged in their complaint to proceed with this claim."). Here, there is no allegation that a "contract of employment or employer policy provides for paid vacations," that Plaintiff or putative class members, in fact, accrued vacation time, and that vested vacation time was forfeited. Accordingly, the Court dismisses the fourth cause of action without prejudice.

### E. Fifth Cause of Action: Failure to Timely Pay Final Wages

California Labor Code § 201 requires that employers pay employees unpaid earned wages immediately upon termination. Section 203 provides that if the employer willfully fails to pay under §§ 201-02, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." § 203.

The FAC provides:

> During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.
>
> Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay Waiting Time Penalties Class members all of their final wages in accordance with Labor Code §§ 201 or 202.
>
> Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying Waiting Time Penalties Class members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.
>
> Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and Waiting Time Penalties Class members have been willful in that Defendants have the ability to pay

> final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

FAC ¶¶ 71-74.

Plaintiff's allegations in support of the fifth cause of action merely parrot the statutory language, failing to allege specific facts showing a willful refusal to pay wages after Plaintiff's termination. *See Smith v. Level 3 Commc'ns Inc.*, No. C 14-05036 WHA, 2014 WL 7463803, at *3 (N.D. Cal. Dec. 30, 2014) ("To state a plausible claim under Sections 201 and 203, a plaintiff must allege sufficient detail to plausibly show that the employer wilfully and intentionally withheld wages."). Alleging "Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages" is no more than a label and legal conclusion. Because the FAC provides an insufficient basis for the Court to draw the reasonable inference that Defendants are liable under §§ 201-03, the Court grants Defendants' motion to dismiss this cause of action with leave to amend.

### F.  Sixth and Seventh Causes of Action: Unfair Competition Law and PAGA

Plaintiff's sixth cause of action that Defendants violated the Unfair Competition Law ("UCL") fails as a matter of law. The Court has dismissed Plaintiff's causes of action pursuant to the underlying California Labor Code sections. Thus, Plaintiff cannot state a claim under the UCL, and the action is dismissed with leave to amend.

Similarly, the Private Attorney General Act ("PAGA") penalties sought by Plaintiff, under the seventh cause of action, are entirely derivative of her first through fifth causes of action. Given that the Court has dismissed all but the third cause of action, Plaintiff's seventh cause of action is dismissed with leave to amend insofar as it relies on the first, second, fourth, and fifth causes of action.

### G.  Eighth Cause of Action: Fair Labor Standards Act

The eighth cause of action alleges that Defendants failed to pay employees for all hours worked in violation of the FLSA. The complaint provides:

> Defendants have violated the FLSA by failing to compensate Plaintiff and similarly situated FLSA Overtime Class members appropriate overtime compensation at one-and-one-half (1.5) times

9

> the regular rate of pay when the total hours worked exceed forty (40) hours in a week.
>
> At all relevant times, Defendants have violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and similarly situated FLSA Overtime Class members.
>
> At all relevant times, Plaintiff and all similarly situated FLSA Overtime Class members have been victims of a uniform and entity-wide compensation policy.
>
> Plaintiff and all similarly situated FLSA Overtime Class members are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

FAC ¶¶ 105-08.

These allegations are insufficient under *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). In *Landers*, the plaintiffs failed to state a claim where the complaint did not provide "any detail regarding a specific workweek when Landers worked in excess of forty hours and was not paid overtime for that specific workweek and/or was not paid minimum wages." *Id.* at 646. The Ninth Circuit recognized that "plaintiffs in these types of cases cannot be expected to allege with mathematical precision, the amount of overtime compensation owed by the employer," but held that "they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* (internal quotation marks omitted). *Landers* found that the plaintiff's allegations "failed to provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Id.* (internal quotation marks omitted).

Here, Plaintiff failed to plead any specific details regarding his job duties, and the circumstances under which he worked over forty hours in a week and was not paid in a particular week. Significantly, the complaint does not include any facts showing that Plaintiff, or any class members, worked more than forty hours in any given week without being compensated for overtime hours. Accordingly, under *Landers*, these allegations fail to state a plausible claim under

Rule 8. *See Landers*, 771 F.3d at 646 ("Although these allegations raise the possibility of undercompensation in violation of the FLSA, a possibility is not the same as plausibility." (internal quotation marks omitted)).

### H. Request for attorneys' fees

In connection with the unfair competition claims, Plaintiff seeks attorneys' fees under California Code of Civil Procedure § 1021.5. FAC ¶ 93. Defendants contend § 1021.5 does not allow for attorneys' fees where "the public benefit gained from the lawsuit [] and the important public right enforced by the suit [] are coincidental to the plaintiff's personal monetary gain." Dkt. No. 16 at 24 (internal quotation marks omitted). Accordingly, Defendants move to strike Plaintiff's request for attorneys' fees, because "the primary purpose and effect of Plaintiff's lawsuit is to advance his individual economic interests and recover alleged monetary penalties for himself." *Id.* at 24.

The Court denies Defendants' request, as it requires a premature determination of the merits of Plaintiffs' claims, which is inappropriate at the motion to dismiss stage. *See Contreras*, 2014 WL 6481365, at *6.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may file an amended complaint within 21 days of the date of this order. If no amended complaint is filed, the Court will deem that Plaintiff is proceeding only on the claim that survived this motion to dismiss. Plaintiff is reminded that he may not add new claims to an amended complaint without first obtaining leave of Court.

**IT IS SO ORDERED.**

Dated: 3/23/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge