1
**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email: mkane@mcguirewoods.com

2
Sabrina A. Beldner, Esq. (SBN 221918)
    Email: sbeldner@mcguirewoods.com

3
Sylvia J. Kim, Esq. (SBN 258363)
    Email: skim@mcguirewoods.com

4
1800 Century Park East, 8th Floor

5
Los Angeles, CA 90067
Tel:    (310) 315-8200

6
Fax:    (310) 315-8210

7
Attorneys for Defendants
PERFORMANCE FOOD GROUP, INC. and VISTAR TRANSPORTATION, LLC

8
and *Specially Appearing* Defendant ROMA FOOD ENTERPRISES, INC.

9

10
**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  JORGE PEREZ, on behalf of himself, all others similarly situated, and the general 13  public,<br><br>14              Plaintiff,<br><br>15       vs.<br><br>16  PERFORMANCE FOOD GROUP, INC., a Colorado corporation; VISTAR 17  TRANSPORTATION, LLC, a Delaware limited liability company; ROMA FOOD 18  ENTERPRISES, INC., a California corporation; and DOES 1-50, inclusive,<br><br>19              Defendants. | CASE NO. 3:15-cv-02390-HSG<br><br>***SPECIALLY APPEARING* DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR 12(b)(5) OR, ALTERNATIVELY, TO QUASH SERVICE OF SUMMONS:**<br><br>**(1)  NOTICE OF MOTION**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>***Filed Under Separate Covers:***<br><br>**(3)  DECLARATION OF MICHELLE BENTON**<br><br>**(4)  DECLARATION OF BRIAN HICKMAN**<br><br>**(5)   DECLARATION OF MAGGIE KELLY**<br><br>**(6)  [PROPOSED] ORDER**<br><br>**Date:       December 22, 2016**<br>**Time:       2:00 p.m.**<br>**Crtrm.:     10 – 19th Floor**<br>**Judge:      Hon. Haywood S. Gilliam, Jr.** |

20

21

22

23

24

25

26

27

28

82851942.3

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION .................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.   INTRODUCTION.................................................................................................. 1

II.  STATEMENT OF FACTS..................................................................................... 2

    A.   PROCEDURAL HISTORY ........................................................................ 2

    B.   RFE'S CORPORATE HISTORY ................................................................ 3

    C.   PLAINTIFF'S EMPLOYMENT ................................................................ 3

III. ARGUMENT ........................................................................................................ 4

    A.   APPLICABLE LEGAL STANDARDS ..................................................... 4

        1.   Fed. R. Civ. P. 4 ................................................................ 4

        2.   Fed. R. Civ. P. 12(b)(4) and 12(b)(5)................................. 4

    B.   PLAINTIFF'S SAC SHOULD BE DISMISSED AS AGAINST RFE .................................. 5

        1.   The Action Should Be Dismissed As Against RFE For Insufficient Process Pursuant To Fed. R. Civ. P. 12(b)(4) Because The State Court Summons Is Defective Due To Its Failure To Comply With Fed. R. Civ. P. 4 ................................. 5

        2.   The Action Should Be Dismissed As Against RFE For Insufficient Service Of Process Pursuant To Fed. R. Civ. P. 12(b)(5) Because Plaintiff Failed To Effect Service Upon RFE ................................. 6

        3.   Dismissal Is The Proper Remedy ................................. 7

            a.   *Dismissal Is Mandated Under Fed. R. Civ. P. 4(m)*......................... 7

            b.   *Dismissal Is Also Appropriate Because There Is No Reasonable Prospect Of Plaintiff Effecting Service Upon RFE Given That It Has Not Existed Since 2008*............................. 7

    C.   AT A MINIMUM, PLAINTIFF'S PURPORTED SERVICE OF THE STATE COURT SUMMONS ON RFE SHOULD BE QUASHED ................................. 8

IV.  CONCLUSION ................................................................................................. 8

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR 12(b)(5) OR. ALTERNATIVELY. TO OUASH SERVICE OF SUMMONS**

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Brockmeyer v. May*,
5      383 F.3d 798 (9th Cir. 2004)................................................................................................4

6 *Diamond Sys., LLC v. FMC Corp.*,
     2013 WL 6051531 (M.D. Fla. Nov. 15, 2013)...........................................................................4

7

*Gianna Enterprises v. Miss World (Jersey) Ltd.*,
8      551 F.Supp. 1348 (S.D.N.Y. 1982).......................................................................................6

9 *Howard v. Klynveld Peat Marwick Goerdeler*,
     977 F.Supp.654 (S.D.N.Y. 1997).........................................................................................7
10

11 *Lamon v. Junious*,
     2014 WL 7337390 (E.D. Cal. Dec. 23, 2014).....................................................................4

12

*Superior Fibre Prod., Inc. v. United States Dep't of the Treasury*,
13      156 F.Supp.3d 54 (D.D.C. 2016) ......................................................................................5, 7

14 *United States v. Nat'l Muffler Mfg., Inc.*,
     125 F.R.D. 453 (N.D. Ohio 1989).......................................................................................6
15

**OTHER AUTHORITIES**
16

17 Fed. R. Civ. P. 4 ...........................................................................................................................1, 4, 5

18 Fed. R. Civ. P. 4(a)(1) .........................................................................................................................4

19 Fed. R. Civ. P. 4(a)(1)(A)................................................................................................................4, 5

20 Fed. R. Civ. P. 4(a)(1)(B)................................................................................................................4, 5

21 Fed. R. Civ. P. 4(a)(1)(F) ...............................................................................................................5, 6

22 Fed. R. Civ. P. 4(a)(1)(G)...............................................................................................................5, 6

23 Fed R. Civ. P. 4(h)(1)(B)................................................................................................................4, 7

24 Fed. R. Civ. P. 4(m) .......................................................................................................................4, 7

25 Fed. R. Civ. P. 12(b)(4) .................................................................................................................1, 4, 5

26 Fed. R. Civ. P. 12(b)(5) .................................................................................................................1, 4, 6

27

28

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR
12(b)(5) OR. ALTERNATIVELY. TO OUASH SERVICE OF SUMMONS**

1

## NOTICE OF MOTION

2 **TO PLAINTIFF JORGE PEREZ AND HIS COUNSEL OF RECORD:**

3       **NOTICE IS HEREBY GIVEN** that, on December 22, 2016, at 2:00 p.m., in Courtroom

4 10 of the United States District Court, Northern District of California, located at 450 Golden Gate

5 Avenue, 19th Floor, San Francisco, CA 94102, *Specially Appearing* Defendant Roma Food

6 Enterprises, Inc. ("Defendant" or "RFE"), will and hereby does move the Court to dismiss

7 Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(4) and/or 12(b)(5) or,

8 alternatively, to quash service of summons, on the grounds permitted therein, as more fully argued

9 below, in RFE's further papers filed in support of this motion and at the hearing hereon.

10

## MEMORANDUM OF POINTS AND AUTHORITIES

11 **I.     INTRODUCTION**

12       Plaintiff is a former employee of Defendant Performance Food Group, Inc. ("PFG").  His

13 operative Second Amended Complaint ("SAC") in this action purports to allege claims for various

14 wage and hour violations against Defendants PFG and Vistar Transportation, LLC ("VT"), and

15 now *Specially Appearing* Defendant Roma Food Enterprises, Inc. ("RFE").  However, Plaintiff

16 has never been employed by RFE.  In fact, RFE ceased to exist in February 2008, long before

17 Plaintiff ever began working for PFG, when it was merged into Vistar Corporation.

18       As we discuss below, Plaintiff's SAC should be dismissed as against RFE pursuant to Fed.

19 R. Civ. P. 12(b)(4) for insufficient process because the summons Plaintiff purported to serve upon

20 RFE is defective due to its failure to comply with Fed. R. Civ. P. 4's requirements that it name the

21 court and the parties, be directed to the defendant, be signed by the clerk and bear the seal of the

22 court.

23       Additionally, and more significantly, dismissal is warranted pursuant to Fed. R. Civ. P.

24 12(b)(5) for insufficient service of process because the summons Plaintiff purported to serve upon

25 RFE was instead served on PFG's registered agent for service of process, which is neither

26 affiliated with nor authorized to accept service on behalf of RFE, and Plaintiff has not otherwise

27 effected service of the Summons upon RFE.  Further, there is no reasonable prospect that Plaintiff

28 will ever be able to effectively serve RFE given that RFE ceased to exist.

82851942.3

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR 12(b)(5) OR, ALTERNATIVELY, TO QUASH SERVICE OF SUMMONS**

1    Therefore, as we discuss more fully below, the Court should grant this Motion and dismiss

2    the SAC against RFE or, alternatively, quash service of the summons on RFE.

3    **II.    STATEMENT OF FACTS**

4         **A.    PROCEDURAL HISTORY**

5         On April 20, 2015, Plaintiff Jorge Perez ("Plaintiff") filed a Complaint against Defendants

6    PFG, VT and then-named Defendant Roma Gourmet Food Enterprises of California, Inc.

7    ("RGFEC") in the Superior Court of the State of California in and for the County of Alameda (the

8    "State Court Action").   On May 18, 2015, Plaintiff filed an Amendment to the Complaint

9    purporting to substitute DOE 1 with *Specially Appearing* Defendant RFE in the State Court

10   Action. *See* Dkt. #1-7.

11        On May 29, 2016, Defendants PFG and VT removed the State Court Action to this Court.

12   *See* Dkt. #1.  Defendants RGFEC and RFE had not been served as of the date of removal because

13   they were and are no longer in existence and, therefore, their citizenship was properly disregarded

14   for purposes of removal.

15        On June 11, 2016, Plaintiff filed a First Amended Complaint ("FAC") against PFG, VT

16   and RFE [Dkt. #8].[1]  Defendants VT and PFG filed a Motion to Dismiss and/or Strike Plaintiff's

17   FAC [Dkt. #16], which was partially granted by the Court on March 23, 2016 [Dkt. #28].

18   Thereafter, Plaintiff filed the operative SAC against PFG, VT and RFE on April 13, 2016 [Dkt.

19   #29].

20        On May 11, 2016, a process server hand delivered to PFG's registered agent for service of

21   process in Denver, Colorado, National Registered Agents, Inc. ("NRAI"), a copy of a Summons

22   issued by the California Superior Court, County of Alameda (the "State Court Summons"), as well

23   as copies of the Complaint, FAC and SAC in this action.  *See* Declaration of Brian Hickman

24   ("Hickman Decl."), ¶ 4, Exh. A; Declaration of Maggie Kelly ("Kelly Decl."), ¶ 2, Exh. A.  The

25   State Court Summons names "Performance Food Group, Inc.," "Vistar Transportation, LLC" and

26   "Roma Gourmet Food Enterprises of California, Inc." as defendants.  Hickman Decl., ¶ 4, Exh. A;

27   _____

28   [1] The FAC removed RGFEC as a named defendant.

82851942.3

2

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR 12(b)(5) OR, ALTERNATIVELY, TO QUASH SERVICE OF SUMMONS**

1   Kelly Decl., ¶ 4, Exh. A.  RFE is not named as a defendant in the State Court Summons, and no

2   summons issued by this Court was or ever has been delivered or served.

3   On May 18, 2016, Plaintiff filed a purported Affidavit of Service in this Court [Dkt. #37]

4   bearing the signature of a process server with Front Range Legal Process Service, Inc.   The

5   Affidavit of Service purports to certify that, on May 10, 2016, the State Court Summons and

6   copies of the Complaint, Amendment to Complaint, FAC and SAC were delivered to PFG's agent

7   for service of process.   More specifically, the Affidavit of Service states that the State Court

8   Summons and copies of the Complaint, Amendment to Complaint, FAC and SAC were delivered

9   to "Maggie Kelly as Prociess [sic] Specialist/Authorized for Roma Food Enterprises, Inc." at

10  "Roma Food Enterprises, Inc. At Performance Food Group's Registered Agent NATIONAL

11  REGISTERED AGENTS, INC., 1675 Broadway, Suite 1200, Denver, CO 80202."

12  On May 31, 2016, the parties stipulated to extend RFE's time to respond to the SAC by 21

13  days [Dkt. #40].   The parties subsequently entered into a further stipulation to extend RFE's

14  deadline to respond to Plaintiff's SAC or otherwise move to quash service of process and/or to

15  dismiss for defective service to October 10, 2016, which was approved by the Court on June 22,

16  2016 [Dkt. #42].

17  **B.      RFE'S CORPORATE HISTORY**

18  The corporate entity formerly known as "Roma Food Enterprises, Inc." no longer exists.

19  Declaration of Michelle Benton ("Benton Decl.") at ¶ 2.  It was acquired by Vistar Corporation on

20  January 28, 2005 pursuant to a Stock Purchase Agreement and subsequently merged into Vistar

21  Corporation on February 25, 2008.  *Id.*   On November 9, 2010, Vistar Corporation changed its

22  name to Performance Food Group, Inc.  *Id.*   Thus, RFE has had no employees, officers, managing

23  or general agents, or designated agents for service of process, and has had no ongoing business

24  operations, for over six years now.  *Id.* at ¶ 3.

25  **C.      PLAINTIFF'S EMPLOYMENT**

26  Plaintiff Jorge Perez was employed by PFG in City of Industry, California, from May 29,

27  2013 until June 11, 2014.  *Id.* at ¶ 4.  Plaintiff has never been employed by RFE, and RFE has

28  never existed during his employment by PFG.  *Id.*

82851942.3

3

1   **III.    ARGUMENT**

2        **A.    APPLICABLE LEGAL STANDARDS**

3              **1.    Fed. R. Civ. P. 4**

4        Fed. R. Civ. P. 4(a)(1) provides, in pertinent part, that a summons must "name the court

5  and the parties," "be directed to the defendant," "be signed by the clerk" and "bear the court's

6  seal."  Fed. R. Civ. P. 4(a)(1)(A), (B), (F), (G).

7        Fed R. Civ. P. 4(h)(1)(B) provides that service upon a corporation may be effected by

8  "delivering a copy of the summons and of the complaint to an officer, a managing or general

9  agent, or any other agent authorized by appointment or by law to receive service of process and—

10  if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each

11  to the defendant."

12        Fed. R. Civ. P. 4(m) further provides that if a defendant is not served within a specified

13  timeframe after the complaint is filed, the court "must dismiss the action without prejudice against

14  that defendant or order that service be made within a specific time."

15              **2.    Fed. R. Civ. P. 12(b)(4) and 12(b)(5)**

16        Under Fed. R. Civ. P. 12(b)(4), a complaint may be dismissed for insufficient process

17  where the summons fails to comply with the requirements under Fed. R. Civ. P. 4.  Similarly,

18  under Fed. R. Civ. P. 12(b)(5), a complaint may be dismissed for insufficient service of process.

19        "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the

20  person of a defendant when that defendant has not been served."  *Diamond Sys., LLC v. FMC*

21  *Corp.*, 2013 WL 6051531, *2 (M.D. Fla. Nov. 15, 2013) (citing *Pardazi v. Cullman Med. Ctr.,*

22  896 F.2d 1313, 1317 (11th Cir.1990)).  **Plaintiff bears the burden** of establishing the validity of

23  the challenged service.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is

24  challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").  "If

25  the plaintiff is unable to satisfy his burden, the Court has the discretion to either dismiss the action

26  or retain the action and quash the service of process."  *Lamon v. Junious*, 2014 WL 7337390, at *2

27  (E.D. Cal. Dec. 23, 2014) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.

28  1976)).  Dismissal is appropriate where there is no reasonable prospect that service will be

4

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR
12(b)(5) OR. ALTERNATIVELY. TO OUASH SERVICE OF SUMMONS**

1    effectuated upon the defendant.  *See, e.g.*, *Superior Fibre Prod., Inc. v. United States Dep't of the*

2    *Treasury*, 156 F.Supp.3d 54, 66 (D.D.C. 2016) ("Where there is 'no reasonable prospect of

3    effecting service,' dismissal without prejudice is the appropriate course.").

4            **B.**      **PLAINTIFF'S SAC SHOULD BE DISMISSED AS AGAINST RFE**

5            **1.**      **The Action Should Be Dismissed As Against RFE For Insufficient**
                        **Process Pursuant To Fed. R. Civ. P. 12(b)(4) Because The State Court**

6                            **Summons Is Defective Due To Its Failure To Comply With Fed. R. Civ.**
                        **P. 4**

7

8          Plaintiff's SAC should be dismissed as against RFE because the State Court Summons is

9    materially and substantially defective in form and substance due to the fact that it fails to "name

10   the court and the parties," is not "directed to the defendant," is not "signed by the clerk" and fails

11   to "bear the court's seal" as mandated by Fed. R. Civ. P. 4(a)(1)(A), (B), (F) and (G).

12         First, the State Court Summons is defective because it is not directed to "Roma Food

13   Enterprises, Inc." as required under Fed. R. Civ. P. 4(a)(1)(B).  Instead, the Summons is directed

14   to  "PERFORMANCE  FOOD  GROUP,  INC.,  a  Colorado  corporation,  VISTAR

15   TRANSPORTATION, LLC, a Delaware limited liability company, ROMA GOURMET FOOD

16   ENTERPRISES OF CALIFORNIA, INC., a California corporation; and DOES 1-50, inclusive."

17   *See* Hickman Decl., Exh. A; Kelly Decl., Exh. A.

18         For that same reason, the State Court Summons is also defective for failing to name the

19   parties as required under Fed. R. Civ. P. 4(a)(1)(A) because it fails to name "Roma Food

20   Enterprises, Inc." as a defendant in the action.  Likewise, the State Court Summons also fails to

21   comply with Fed. R. Civ. P. 4(a)(1)(A)'s requirement that it "name the court" because it

22   erroneously names the California Superior Court for the County of Alameda instead of the United

23   States District Court for the Northern District of California where this action is and was pending

24   when service was attempted on RFE.

25         The State Court Summons is also defective for the additional reason that it fails to comply

26   with Fed. R. Civ. P. 4(a)(1)(F)-(G) because it was issued and signed by the Clerk of the California

27   Superior Court for the County of Alameda, and bears the seal of the Superior Court of California,

28   County of Alameda.  However, because this action is and at the time of the purported service upon

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR
12(b)(5) OR. ALTERNATIVELY. TO QUASH SERVICE OF SUMMONS**

1   RFE was pending in this United States District Court for the Northern District of California, a

2   federal court Summons should have been issued that is signed by the Clerk and bearing the seal of

3   this United States District Court for the Northern District of California.  Consequently, the State

4   Court Summons fails to comply with Fed. R. Civ. P. 4(a)(1)(F)-(G)'s requirement that it be signed

5   by the clerk and bear the court's seal, and Plaintiff's action against Roma should be dismissed on

6   this basis.  *Accord Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1358

7   (S.D.N.Y. 1982) (ineffective service of summons which was not signed by clerk or under seal of

8   court resulted in dismissal of action against defendant); *United States v. Nat'l Muffler Mfg., Inc.*,

9   125 F.R.D. 453, 455 (N.D. Ohio 1989) (same).

10            **2.        The Action Should Be Dismissed As Against RFE For Insufficient
                          Service Of Process Pursuant To Fed. R. Civ. P. 12(b)(5) Because**

11                        **Plaintiff Failed To Effect Service Upon RFE**

12            Plaintiff's SAC should also be dismissed as against RFE pursuant to Fed. R. Civ. P.

13   12(b)(5) because Plaintiff failed to serve the purported process on RFE in the manner required by

14   Fed. R. Civ. P. 4(h)(1)(B), which mandates that it be served upon "an officer, a managing or

15   general agent, or any other agent authorized by appointment or by law to receive service of

16   process."

17            Here, Plaintiff failed to serve the purported process on an "officer" or "managing or

18   general agent" of RFE, or someone otherwise authorized to accept service on behalf of RFE.

19   Instead, Plaintiff served the purported process upon PFG's registered agent for service of process,

20   NRAI, in Denver, Colorado.  But NRAI is not a parent or subsidiary of RFE, and neither NRAI

21   nor any of its personnel, including Ms. Kelly, has served or been affiliated in any capacity with

22   RFE.  *See* Hickman Decl., ¶ 5; Kelly Decl., ¶ 3.  Neither NRAI nor Ms. Kelly has never been

23   designated as RFE's agent for service of process in Colorado or California, nor have either ever

24   held themselves out as a designated or registered agent for RFE.  *Id.*; Kelly Decl., ¶ 3.  Neither

25   NRAI nor any of its personnel, including Ms. Kelly, has ever been authorized by appointment, law

26   or otherwise to accept service of process on behalf of RFE in Colorado or California.  Hickman

27   Decl., ¶ 5; Kelly Decl., ¶ 3.  In addition, Ms. Kelly has never served or held herself out as an

28   employee, officer, managing agent or general agent of RFE.  Kelly Decl., ¶ 3.  Therefore, Plaintiff

1   has failed to effect service upon RFE in accordance with Fed. R. Civ. P. 4(h)(1)(B), thereby

2   rendering his action against RFE subject to dismissal on this basis as well.

3             **3.**      **Dismissal Is The Proper Remedy**

4             **a.**      ***Dismissal Is Mandated Under Fed. R. Civ. P. 4(m)***

5         The FAC, which is the first pleading naming RFE as a defendant in this action, was filed

6   on June 11, 2015.  *See* Dkt. #8.  Therefore, to be timely under the version of Fed. R. Civ. P. 4(m)

7   then in effect,[2] service of the FAC should have been accomplished within 120 days after the filing

8   of the FAC, or by October 9, 2015, which was over one year ago.  But Plaintiff still has not

9   effected valid service upon RFE nor has Plaintiff moved for an extension of time to do so.

10  Accordingly, pursuant to Fed. R. Civ. P. 4(m), the Court "must dismiss the action without

11  prejudice against" RFE.  *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp.654, 658

12  (S.D.N.Y. 1997), *aff'd,* 173 F.3d 844 (2d Cir. 1999) ("Among federal courts, there is virtual

13  unanimity that dismissal is mandatory if a defendant is not served within 120 days, unless the

14  plaintiff can show good cause for delay.") (citations and internal quotation marks omitted).

15            **b.**      ***Dismissal Is Also Appropriate Because There Is No Reasonable Prospect Of Plaintiff Effecting Service Upon RFE Given That It Has Not Existed Since 2008***

16

17        Because there is no reasonable prospect that service will be effectuated upon RFE,

18  dismissal of this action against RFE is the appropriate remedy.  *Superior Fibre Prod., Inc.*, 156

19  F.Supp.3d at 66.  Indeed, Plaintiff will not be able to effect service upon RFE because it has not

20  existed since 2008.   Benton Decl., ¶ 2.  As set forth above, RFE was acquired by Vistar

21  Corporation on January 28, 2005 pursuant to a Stock Purchase Agreement and subsequently

22  merged into Vistar Corporation on February 25, 2008.  *Id.* at ¶ 2.  As such, RFE has had no

23  employees, officers, managing or general agents, or designated agents for service of process, and

24  has had no ongoing business operations, for over six years now.  *Id.* at ¶ 3.  Therefore, RFE has

25  ceased to exist, and there is no prospect of Plaintiff ever effecting service upon it in the future.  As

26

27

28       [2] The current version of Fed. R. Civ. P. 4(m) requires service to be accomplished within *90 days* after the complaint filed.

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR 12(b)(5) OR. ALTERNATIVELY. TO QUASH SERVICE OF SUMMONS**

1    such, the SAC should be *dismissed* as against RFE.

2        **C.    AT A MINIMUM, PLAINTIFF'S PURPORTED SERVICE OF THE STATE COURT SUMMONS ON RFE SHOULD BE QUASHED**

3

4        Alternatively, if the Court is not inclined to dismiss the action at this juncture, RFE

5    requests that the Court quash the purported service of the State Court Summons on it.

6    **IV.    CONCLUSION**

7        For all of the foregoing reasons, RFE respectfully requests that the Court dismiss this

8    action against it or, alternatively, quash the purported service of the State Court Summons on it.

9

10   DATED: October 10, 2016                **MCGUIREWOODS LLP**

11

12                                          By:        /s/ Matthew C. Kane

13                                                   Matthew C. Kane, Esq.
                                                     Sabrina A. Beldner, Esq.
                                                     Sylvia J. Kim, Esq.
14
                                                     Attorneys for Defendants
15                                                   PERFORMANCE FOOD GROUP, INC. and
                                                     VISTAR TRANSPORTATION, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

**SPECIALLY APPEARING DEFENDANT ROMA FOOD ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4, 12(b)(4) AND/OR 12(b)(5) OR. ALTERNATIVELY. TO OUASH SERVICE OF SUMMONS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 10, 2016 at Los Angeles, California.


/s/ Matthew C. Kane
MATTHEW C. KANE

82851942.3

CERTIFICATE OF SERVICE