1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    JORGE PEREZ,                                    Case No. 15-cv-02390-HSG

8                   Plaintiff,

9            v.                                      **ORDER GRANTING MOTION TO
                                                     TRANSFER**
10   PERFORMANCE FOOD GROUP, INC., et
     al.,                                            Re: Dkt. No. 49

11                  Defendants.

12

13           On April 20, 2015, Plaintiff Jorge Perez filed a complaint in the Alameda Superior Court

14   against Defendants Performance Food Group, Inc. ("PFG"), Vistar Transportation, LLC ("VT"),

15   and Roma Food Enterprises ("RFE").  Dkt. No. 1-1.  Defendants removed the action to this Court

16   on May 29, 2015.  Dkt. No. 1.  Following partial dismissal with leave to amend, Dkt. No. 28,

17   Plaintiff filed the operative Second Amended Complaint ("SAC") on April 13, 2016, Dkt. No. 29.

18   Pending before the Court is the motion to transfer filed by PFG and VT.  Dkt. No. 49 ("Mot.").[1]

19   For the reasons articulated below, the Court **GRANTS** the motion to transfer this action from the

20   Northern District of California to the Central District of California.[2]

21   **I.      BACKGROUND**

22           Plaintiff asserts claims not only individually but also as the named plaintiff in a putative

23   class action on behalf of California employees.  SAC ¶¶ 2-4, 10-19.  Specifically, the SAC alleges

24   eight claims on behalf of Plaintiff and similarly situated employees: failure to provide meal

25

26   ---
     [1] RFE did not join in the motion to transfer.  Apart from this motion, PFG and VT have filed a
     motion to dismiss and/or strike Plaintiff's SAC.  Dkt. No. 36.  RFE has filed a separate motion to

27   dismiss Plaintiff's SAC.  Dkt. No. 45.  Because the Court grants the motion to transfer, it does not
     reach these other motions.
     [2] The Court finds that this matter is appropriate for disposition without oral argument and the

28   matter is deemed submitted.  *See* N.D. Civ. L.R. 7–1(b).

United States District Court
Northern District of California

1    periods (Cal. Lab. Code §§ 204, 223, 226.7, 512, 1198 (West 2016)); failure to pay hourly wages

2    (*id.* §§ 223, 510, 1194, 1194.2, 1197, 1197.1, 1198); failure to provide accurate written wage

3    statements (*id.* § 226(a)); forfeiture of vested vacation pay (*id.* §§ 201, 204, 223, 227.3); failure to

4    timely pay all final wages (*id.* §§ 201-03); unfair competition (Cal. Bus. & Prof. Code §§ 17200-

5    10 (West 2016) ("Unfair Competition Law")); civil penalties (Cal. Lab. Code §§ 2698-99.5

6    ("Private Attorneys General's Act")); and failure to pay employees for all hours worked (29

7    U.S.C. §§ 201-19 (2012) ("Fair Labor Standards Act").  SAC ¶¶ 20-136.  The putative class has

8    not been certified, and no person besides Plaintiff has filed a notice of consent to join the FLSA

9    action.  *See* Dkt. No. 9 (Plaintiff's notice, filed June 9, 2015).

10        Plaintiff was employed by PFG in the City of Industry, California, from May 29, 2013

11   until June 11, 2014.  Dkt. No. 49-1 ("Ferguson Decl.") ¶ 4.  His residential address was in the

12   County of Los Angeles during that entire period, according to PFG's business records.  *Id.* ¶ 4.

13   Since February 2016, Plaintiff has lived Hanford, California.  Dkt. No. 53-2 ("Perez Decl.") ¶¶ 3-

14   4.  Of the 1151 current and former PFG employees in the prosed class, 654 were last employed in

15   the City of Industry and Ontario, and 497 were last employed in the cities of Livermore and Santa

16   Cruz, all within the State of California.  Ferguson Decl. ¶ 5.[3]

17   **II.    LEGAL STANDARD**

18        "For the convenience of the parties and witnesses, in the interest of justice, a district court

19   may transfer any civil action to any other district or division where it might have been brought . . .

20   ."  28 U.S.C. § 1404(a) (2012).  The purpose of this statute is "to prevent the waste of time, energy

21   and money and to protect litigants, witnesses and the public against unnecessary inconvenience

---

23   [3] As a preliminary matter, the Court takes judicial notice of several facts that are "'generally
24   known' under [Federal] Rule [of Evidence] 201(b)(1) or 'capable of accurate and ready
     determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule
     201(b)(2)."  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting Fed. R. Evid.
25   201(b)); *see also* Fed. R. Evid. 201(c) (allowing courts to take judicial notice *sua sponte*).  These
     facts are as follows: (1) Hartford, California is located in Kings County; (2) Kings County is
26   located in the Eastern District of California; (3) Beverly Hills, City of Industry, and Los Angeles,
     California are all located in Los Angeles County; (4) Ontario, California is located in San
27   Bernardino County; (5) Los Angeles and San Bernardino Counties are located in the Central
     District of California;  (6) Livermore, California, is located in Alameda County; (7) Santa Cruz,
28   California is located in Santa Cruz County; (8) Alameda and Santa Cruz Counties are located in
     the Northern District of California.

United States District Court
Northern District of California

1   and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks

2   omitted). The moving party bears the burden of showing that the transferee district is a "more

3   appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). The

4   district court has broad discretion in deciding whether or not transfer. *See Ventress v. Japan*

5   *Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is

6   reviewed for abuse of discretion. Weighing of the factors for and against transfer involves subtle

7   considerations and is best left to the discretion of the trial judge." (citation and internal quotation

8   marks omitted)).

9       District courts engage in a two-step analysis for motions to transfer. First, they determine

10  "whether the transferee district was one in which the action 'might have been brought' by the

11  plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (quoting 28 U.S.C. § 1404(a)). If so,

12  the courts engage in "an 'individualized, case-by-case consideration of convenience and

13  fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988) (quoting *Van Dusen*, 376

14  U.S. at 622)). In this district, courts typically consider the following factors: (1) plaintiffs' choice

15  of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the

16  evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation

17  with other claims, (7) any local interest in the controversy, and (8) the relative court congestion

18  and time to trial in each forum. *See, e.g.*, *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205

19  YGR, 2014 WL 715082, at *2 (N.D. Cal. Feb. 14, 2014); *Wilson v. Walgreen Co.*, No. C-11-2930

20  EMC, 2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011); *Vu v. Ortho-McNeil Pharm., Inc.*, 602

21  F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-

22  4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000).[4] Here, exercising its discretion, the

23  Court omits consideration of one of the eight factors typically considered by the Northern

24  District,[5] and separately considers one of the factors that the Ninth Circuit has suggested district

25  _____

26  [4] These factors are "[c]onsistent" with Ninth Circuit precedent. *See Wilson*, 2011 WL 4345079, at
    2; *see also Jones*, 211 F.3d at 498-99 (listing eight *examples* of factors that courts may consider).

27  *Jones* also declared that "the presence of a forum selection cause" and "the relevant public policy
    of the forum state" were both "significant" factors. 211 F.3d at 499. However, these two factors

28  are irrelevant here, given that this is an intrastate transfer and no forum selection clause is at issue.
    [5] The Court does not compare the court congestion and time of trial in the two districts because

1   courts might consider: "differences in the costs of litigation in the two forums." *See Jones*, 211

2   F.3d at 499.

3   **III.    DISCUSSION**

4       As explained below, this case could have been brought in the Central District of California,

5   and the balancing of the convenience and fairness factors favors transfer.

6       **A.    Whether Action Could Have Been Brought in Central District of California**

7       "A proper district court is one: (1) that has subject matter jurisdiction; (2) where defendant

8   would have been subject to personal jurisdiction; and (3) venue would have been proper." *Brown*,

9   2014 WL 715082, at *3 (citing *Hoffman*, 363 U.S. at 343–44)); *see also* James M. Wagstaffe,

10  *Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions* § 4:714 (Rutter Group Practice

11  Guide, March 2016 Update) (same).  The Court finds that this threshold requirement is met.  First,

12  there is federal question jurisdiction because Plaintiff has alleged a violation of federal law.  *See*

13  28 U.S.C. 1331 (2012); SAC ¶¶ 118-36 (Fair Labor Standards Act claim).  Second, "Defendant[s]

14  would have been subject to the personal jurisdiction of another California District Court."  *See*

15  *Brown*, 2014 WL 715082, at *3.  Third, venue would be proper in the Central District because

16  Defendant would be subject to personal jurisdiction there, *see* 28 U.S.C. § 1391(b)(1), (c)(2), or

17  alternatively, because "a substantial part of the events or omissions giving rise to the claim

18  occurred" there, *see id.* § 1391(b)(2), given that Plaintiff was employed exclusively in the Central

19  District of California, *see* Ferguson Decl. ¶ 4; *supra* note 3.  Moreover, Plaintiff does not dispute

20  that the action could have been brought in the Central District of California, so the only contested

21  issue before the Court is the second step of the transfer analysis.

22      **B.    Convenience and Fairness Analysis**

23          **1.    Plaintiff's Choice of Forum**

24      Since the plaintiff's choice of forum invariably weighs against transfer, the Court must

25

26  _____

27  ongoing application of this doctrine could have the unintended consequence of penalizing
    efficiency by effectively placing more cases in the districts with the shortest time to trial.  In
    addition, the Court is somewhat skeptical of the ability of the Court or the parties to accurately and
28  meaningfully capture these metrics as of *today*, which is the only timeframe that matters for this
    purpose.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    decide "how much weight to give this choice relative to the other factors. *See Brown*, 2014 WL

2    715082, at 3. "Although great weight is generally accorded plaintiff's choice of forum, when an

3    individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou*

4    *v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted). Similarly, where the plaintiff

5    resides outside of the chosen forum, his choice of forum is entitled to less weight. *Ambriz v.*

6    *Matheson Tri-Gas*, No. C 14-1041 CW, 2014 WL 2753886, at *2 (N.D. Cal. June 9, 2014);

7    *Brown*, 2014 WL 715082, at *3; *Wilson*, 2011 WL 4345079, at *3. The weight given to plaintiff's

8    choice of forum is also diminished where "the conduct giving rise to the claims occurred in a

9    different forum." *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal.

10   2013) (citing *Lou*, 834 F.2d at 739). Here, Plaintiff's choice of forum is entitled little deference

11   because he has brought a class action, does not reside in the Northern District, *see* Perez Decl. ¶¶

12   3-4; *supra* note 3, and did not suffer any of the alleged violations here.[6]

13                         **2.     Convenience of the Parties**

14         "'Convenience of the parties is an important factor to consider for transfer of venue.' In

15   weighing this factor, courts do not consider the convenience to parties that have chosen to bring a

16   case in a forum where they do not reside, nor do courts consider the convenience to potential class

17   members whose participation in the case is merely speculative." *Brown*, 2014 WL 715082, at *4

18   (quoting *Flint v. UGS Corp.*, No. C07-04640 MJJ, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12,

19   2007)); *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *9 (N.D. Cal. Dec.

20   9, 2014) (same). Here, Plaintiff's convenience is entitled to little if any weight because he chose

21   to sue in a forum where he did not reside. *See* Dkt. No. 1-1; Perez Decl. ¶¶ 3-4; *supra* note 3.

22   Since Defendants PFG and VT both reside in other states, litigating in either the Northern District

23

24   _____

25   [6] The alleged violations must have occurred in the Central District because that is where Plaintiff
     exclusively worked during his period of employment. *See* Ferguson Decl. ¶ 4; *supra* note 3. For

26   purposes of assigning weight to Plaintiff's choice of forum, the alleged violations suffered by the
     putative class members are irrelevant. *See Ambriz*, 2014 WL 2753886, at 2 (citing *Levine v.*

27   *Entrust Grp., Inc.*, No. C 12-03959 WHA, 2012 WL 6087399, at *4 (N.D. Cal. Dec. 6, 2012); *see*
     *also Brown*, 2014 WL 715082, at *4 (considering only the named plaintiffs, not the putative class

28   members, when determining where the alleged violations took place and the resulting impact on
     the weight given to the plaintiffs' choice of forum); *Wilson*, 2011 WL 4345079, at *3 (same).

United States District Court
Northern District of California

or the Central District appears equally convenient.[7]  Even assuming *arguendo* that Defendant RFE still exists, there is currently no basis for anything but a neutral finding regarding its convenience.[8] Finally, weighing the convenience of the putative class members is not appropriate: any projection at this point as to the nature and extent of any particular putative class member's participation in the case would be purely speculative.  *See Brown*, 2014 WL 715082, at *4.  Accordingly, the Court finds that this factor is neutral.

### 3.     Convenience of the Witnesses

The convenience of non-party witnesses is often considered the most important factor for a motion to transfer.  *Arreola*, 2014 WL 6982571, at *10; *Brown*, 2014 WL 715082, at *4. Relatedly, courts also may consider "the availability of compulsory process to compel attendance of unwilling non-party witnesses."  *Jones*, 211 F.3d at 498-99; *Arreola*, 2014 WL 6982571, at *10.  Here, because Plaintiff worked entirely in the Central District, any non-party witnesses— such as his former co-workers or managers—are most likely to reside in the Central District, and therefore, most likely would find it more convenient to testify there.  *See Arreola*, 2014 WL 6982571, at *10.  Courts in the Northern District have repeatedly found that where, as here, one or more named plaintiffs brings a statewide class action based upon alleged employment law violations that occurred in the Central District, the witnesses' convenience favors transfer.  *See id*. at *10; *Brown*, 2014 WL 715082, at *5; *Ambriz*, 2014 WL 2753866, at *2; *Wilson*, 2011 WL 4345079, at *4.  Moreover, insofar as any non-party witnesses in the Central District would need be compelled to testify at a deposition, hearing, or trial, such witnesses would very likely be beyond this Court's subpoena power.  *See Arreola*, 2014 WL 6982571, at *10; *Wilson*, 2011 WL

---

[7] PFG is a Colorado corporation with corporate headquarters and principal place of business in Richmond, Virginia. Dkt. No. 1 ¶ 19.  VT is a Delaware limited liability company with its headquarters and principal place of business in Richmond, Virginia. *Id.* ¶ 20.

[8] Defendants argue that RFE is no longer in existence because it was acquired by and merged into Vistar Corporation, which subsequently changed its name to PFG.  *See id.* ¶ 21; Dkt. No. 45-1 ¶ 2. Plaintiff's SAC states only that RFE is "a California corporation authorized to do business in California."  ¶ 7.  Even if the Court were to consider Plaintiff's late-filed opposition to Defendant RFE's motion to dismiss, that document contains no arguments regarding Defendant RFE's alleged residence.  Even assuming *arguendo* that Defendant RFE still exists, there is still no basis upon which to find that either the Northern District or the Central District is more convenient for that entity.  And clearly, if the entity no longer exists, its convenience cannot be considered.

4345079, at *4; Fed. R. Civ. Proc. 45(c) (limiting subpoena power under most circumstances to "within 100 miles of where the person resides, is employed, or regularly transacts business in person"). Accordingly, the Court finds that this factor weighs in favor of transfer.

### 4.    Ease of Access to Evidence

"The location of evidence may be an important factor[,] . . . [but] is neutral or carries only minimal weight when the evidence is in electronic form." *Brown*, 2014 WL 715082. Moreover, "technological developments have reduced the burden of retrieving and transporting documents, which has diminished the importance of this factor in the transfer analysis." *Ambriz*, 2014 WL 2743886, at *2. Even where the evidence is stored in hard copy form, courts may look to whether transporting or producing the documents would impose "significant hardship." *See Wilson*, 2011 WL 4345079, at *2 (quoting *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007)).

Here, Defendants argue that "[t]his factor favors transfer inasmuch as relevant . . . documentary evidence, including that specific to Plaintiff's employment, is already available in the Central District of California where Plaintiff worked." Mot. at 9. In reply, Defendants vaguely allude to "documentary evidence specific to Plaintiff's employment" that is maintained at worksites in the Central District. *See* Dkt. No. 54 ("Reply") at 9. But Defendants have not actually identified any relevant documentary evidence that is stored only in hard copy. *Compare Ambriz*, 2014 WL 2743886, at *2 ("[E]ach branch location maintains hard-copy timesheets regarding its employees. Because these highly relevant records are stored within the Central District, this factor favors transfer.") Moreover, Defendants have not indicated any "significant hardship" that they would suffer by producing documentary evidence electronically. *See Wilson*, 2011 WL 4345079, at *2; Mot. at 9 ("[D]ocumentary evidence regarding timekeeping and payroll records can be found and/or made available electronically anywhere in California."); Reply at 9 (arguing only that Defendants would suffer "inconvenience" by converting certain unspecified "documentary evidence" to electronic format). Accordingly, the Court finds that this factor is neutral, or favors transfer only marginally.

United States District Court
Northern District of California

### 5.      Familiarity of Each Forum with the Applicable Law

Here, both forums are federal district courts located in California, and are equally familiar with the applicable California and federal law.  Accordingly, this factor is neutral.

### 6.      Feasibility of Consolidation with Other Claims

The parties agree that this factor is neutral.  *Compare* Mot. 10 *with* Dkt. No. 53 ("Opp.") at 7.  The Court concurs.

### 7.      Any Local Interest in the Controversy

Courts also consider the "local interest in deciding local controversies."  *Brown*, 2014 WL 715082; *Arreola*, 2014 WL 6982571, at *11; *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (1986) (listing public factors relevant to convenience of forum).  Here, Defendant PFG had two distribution centers employing members of the proposed class in both the Northern District and the Central District.  Ferguson Decl. ¶ 5; *supra* note 3.  Of the 1151 current and former PFG employees in the proposed class, 654 were last employed in the Central District, whereas only 497 were last employed in the Northern District.  *Id.*; *supra* note 3.  Moreover, Plaintiff was employed exclusively in the Central District, such that the alleged employment law violations must have occurred there.  *Supra* note 6.  Based on the foregoing, the Court finds that this factor favors transfer because the Central District would have a modestly stronger interest in the class action, if certified, and more importantly, the Central District clearly has a stronger interest in Plaintiff's individual claims. *See Arreola*, 2014 WL 6982571, at *11 (finding this factor favored transfer even though "the Northern and Central Districts would have an equal interest in a certified class's case" because "the Central District has a greater interest in [Plaintiff's] individual claim"); *Brown*, 2014 WL 715082, at *6 (ruling that this factor favored transfer even though Defendant operated stores in both the Northern and Central Districts because "the majority of events occurred in the Central District"); *Vu*, 602 F. Supp. 2d at 1157 (finding that this factor favored transfer because "the events giving rise to plaintiffs['] claims took place in the Central District of California").

### 8.      Differences in the Cost of Litigation in the Two Forums

"While convenience to the parties' attorneys is 'not an appropriate factor for the Court to

United States District Court
Northern District of California

1    consider when deciding a motion to transfer,' the 'difference[] in the costs of litigation in the two

2    forums' is relevant." *See Arreola*, 2014 WL 6982571, at *10 (quoting *Wilson*, 2011 WL 4345079,

3    at *5 (first quote); *Jones*, 211 F.3d at 498-99 (second quote)).  Here, the offices of both parties'

4    counsel are located in the Central District,[9] and non-party witnesses, such as Plaintiff's current and

5    former co-workers and managers, most likely reside in the Central District, where he worked

6    exclusively, *see supra* note 6.[10]  "Therefore, the cost of litigation would likely be lower in the

7    Central District than in the Northern District, as counsel and at least some of the key witnesses

8    would not need to travel to the Northern District for court proceedings.  Thus this factor weights in

9    favor of transfer." *See id.* at *10.

### 9.    Balancing of Discretionary Factors

11        Plaintiff's choice of forum, as always, weighs against transfer, but is entitled to little

12   deference because he brought his case as a class action, does not reside in the Northern District,

13   and did not suffer any of the alleged violations there.  In contrast, the convenience of the witnesses

14   (often considered the most important factor) weighs for transfer, as do two other factors—the local

15   interest in the controversy and the cost of litigation.  The remaining factors are neutral.

16   Accordingly, transfer is appropriate.

17   //

18   //

19   //

20   //

21   //

22

23

24
25   [9] Defendants' counsel has an office in Los Angeles, California, and Plaintiff's counsel has an office in Beverly Hills, California.  *See also supra* note 3.
26   [10] The residence of the parties appears to be neutral with relation to cost.  Plaintiff resides in Hartford, California, Perez Decl. ¶ 3, which he concedes is "approximately the same distance
27   between Los Angeles and San Francisco," *see* Opp. 6.  Defendants PFG and VT both reside outside California, *see supra* note 7, so will incur substantial travel costs regardless of whether the case is litigated in the Northern District or Central District.  And even if the Court assumes
28   *arguendo* that Defendant RFE still exists, there is no indication that the entity's costs of litigation would be lower in either forum.  *See supra* note 8.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer venue to the Central District of California.

**IT IS SO ORDERED.**

Dated:   1/6/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California