Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Attorneys for Plaintiff,
JORGE PEREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ, on behalf of himself, and all others similarly situated, and the general public,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado corporation; VISTAR TRANSPORTATION, LLC., a Delaware limited liability company; ROMA GOURMET FOOD ENTERPRISES OF CALIFORNIA INC., a California corporation; and DOES 1-50, inclusive,<br><br>　　Defendants. | Case No: LA CV17-00357 JAK (SKx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR RELIEF UNDER RULE 60; DECLARATION OF THOMAS SEGAL IN SUPPORT THEREOF** |

1

## I. Introduction

This is a wage and hour class action case against Plaintiff Jorge Perez's ("Plaintiff") previous employers, Defendants Performance Food Group, Inc. and Vistar Transportation, LLC ("Defendants"). Plaintiff respectfully requests that the Court grant Plaintiff leave to file an opposition to Defendants' Order for Determination of No Certifiable rule 23 Classes ("Order for Determination") by August 16, 2017. The proposed Opposition to the Order for Determination is attached as Exhibit A to the Declaration of Thomas Segal, ("Segal Decl.") ¶ 8.

Plaintiff makes this request under Federal Rules of Civil Procedure Rule 60, on the grounds of mistake. Specifically, due to mistake Plaintiff's counsel's office did not properly internally calendar the opposition deadline as stated in the Court's August 6, 2017 order. There is no danger of prejudice to Defendants and no unjust delay. Plaintiff is only requesting an additional two days to file his opposition.

This motion is brought on an *ex parte* basis so that the Court does not deem Defendants' Order for Determination as unopposed. Plaintiff and class members would suffer irreparable prejudice if this ex parte is not granted. The granting of Defendants' Order for Determination would drastically impede the future of the case and the ability of Plaintiff to proceed on a class wide basis. Segal Decl. ¶ 7.

This application is made following Plaintiff's counsel informing defense counsel of the substance of this *ex parte* application pursuant to Local Rule 7-19.1 of the Local Rules for the United States District Court for the Central District of California. Segal Decl. ¶ 6. Defendants have stated that they will oppose this ex parte. *Id*.

///

///

Contact information for Defendants' counsel is:
**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
Email: mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
Email: sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel: (310) 315-8200
Fax: (310) 315-8210

## II. Statement of Facts

### A. Nature of the Case

Plaintiff was employed by Defendant as an hourly non-exempt employee from approximately May of 2013 to June of 2014. During that time, Defendant committed multiple wage and hour violations. Plaintiff alleges that: (1) Defendant did not provide second meal periods in accordance with California Labor Code Section 512; (2) Defendant did not pay all hourly wages; (3) Defendant did not provide accurate written wage statements; (4) Defendant caused class members to forfeit their vested vacation pay; (5) Defendant did not timely pay class members all final wages; (6) Unfair Competition; (7) Civil Penalties; and (8) Defendant did not pay class members for all hours worked. Plaintiff seeks to represent all hourly employees of Defendant from April 20, 2011 to the present, including 7 subclasses.

### B. Order for Determination Dates

Defendants filed their Order for Determination on August 4, 2017 and noticed it for hearing on October 30, 2017. (ECF No. 95). On August 6, 2017, the Court on its own motion set the deadline to file any opposition by August 14, 2017, with any reply filed by August 21, 2017. (ECF No. 97).

Due to mistake, this August 14, 2017 deadline was not properly

calendared. Segal Decl. ¶ 4. Because the Order for Determination was noticed for hearing more than 70 days from the date of filing, Plaintiff's counsel's office calendared the deadline to oppose the Order for Determination as 21 days from the August 4, 2017 filing date, which is August 25, 2017. *Id*. Plaintiff now files this ex parte application for relief under Rule 60 on the grounds of mistake to request that Plaintiff may file his opposition to the Order for Determination by August 16, 2017.

**III. Legal Argument**

**A. The Court Has The Authority To Grant The Requested *Ex Parte* Relief Under FRCP Rule 60**

Federal Rule of Civil Procedure Rule 60(b) states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect..." Rule 60(c) states that "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding."

When making an "excusable neglect" determination on a motion for relief from judgment, the court must consider all relevant circumstances, including at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman* v. *U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489)

///
///
///

## B. Plaintiff Should be Granted Leave to File His Opposition to the Order for Determination By August 16, 2017

Plaintiff files this ex parte application for relief under Rule 60 on the grounds of mistake to request that Plaintiff may file his opposition to the Order for Determination by August 16, 2017.

Defendants filed their Order for Determination on August 4, 2017 and noticed it for hearing on October 30, 2017. (ECF No. 95).

On August 6, 2017, the Court on its own motion set the deadline to file any opposition by August 14, 2017, with any reply filed by August 21, 2017. (ECF No. 97).

Due to mistake, this August 14, 2017 deadline was not properly calendared. Segal Decl. ¶ 4. Because the Order for Determination was noticed for hearing more than 70 days from the date of filing, Plaintiff's counsel's office calendared the deadline to oppose the Order for Determination as 21 days from the August 4, 2017 filing date, which is August 25, 2017. *Id*. Plaintiff now files this ex parte application for relief under Rule 60 on the grounds of mistake to request that Plaintiff may file his opposition to the Order for Determination by August 16, 2017.

This type of calendaring error is treated by the Courts as mistake or excusable neglect. *See* e.g.*, M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016), as amended (Nov. 18, 2016); *Pincay* v. *Andrews*, 389 F.3d 853, 855, 858–60 (9th Cir. 2004) (en banc) (affirming the district court's finding of excusable neglect where a law firm made a calendaring error based on a paralegal's misreading of Federal Rules).

There is no danger of prejudice to Defendants and no unjust delay. Defendants already know that Plaintiff opposes their motion, as the granting of the motion would devastate Plaintiff's ability to proceed with his class action lawsuit. Plaintiff would be filing their opposition merely two days after the deadline in

ECF No. 97. The Court could push out Defendants' deadline to file their reply by 2 days to August 23, 2017 which allows to Court to keep the September 11, 2017 hearing date.

While there is no prejudice to Defendants, Plaintiff and class members would suffer irreparable prejudice if this ex parte is not granted. The granting of Defendants' Order for Determination would drastically impede the future of the case and the ability of Plaintiff to proceed on a class wide basis on a matter that has always been a class wide dispute. Segal Decl. ¶ 7. The granting of the Order for Determination would not only harm Plaintiff's claims, but potentially preclude putative class members from receiving a recovery on their meritorious claims.

The reason for the delay here was mistake. Plaintiff has acted in good faith in reaching out to Defendants regarding filing his Opposition. Therefore this Court should grant Plaintiff leave to file his Opposition to the Order for Determination by August 16, 2017.

### IV. Conclusion

In conclusion, Plaintiff respectfully requests that his opposition to the Order for Determination attached as Exhibit A to the declaration of Thomas Segal be accepted and deemed filed.

Dated: August 16, 2017        SETAREH LAW GROUP

                              BY /s/    *Shaun Setareh*____
                                  SHAUN SETAREH
                                  THOMAS SEGAL
                                  Attorneys for Plaintiff,
                                  JORGE PEREZ

PLAINTIFF'S *EX PARTE* APPLICATION FOR RELIEF UNDER RULE 60